UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JAVIER GARCIA-BENGOCHEA,

        Plaintiff,

Case No.:

vs.

CARNIVAL CORPORATION, d/b/a
Carnival Cruise Lines, a foreign corporation,

        Defendant.
_____/

## COMPLAINT

Plaintiff Javier Garcia-Bengochea ("Plaintiff") hereby sues Carnival Corporation ("Defendant"), pursuant to the Cuban Liberty and Democratic Solidarity Act ("LIBERTAD Act"), for trafficking in Plaintiff's confiscated property located in Cuba and alleges as follows:

### INTRODUCTION

The LIBERTAD Act was enacted to assist the Cuban people in regaining their freedom and prosperity, strengthen international sanctions against the communist Cuban Government, and to deter the exploitation of wrongfully confiscated property in Cuba belonging to United States nationals. Although every U.S. President has suspended the right to bring an action under the LIBERTAD Act since its enactment in 1996, the Defendant has been on notice since 1996 that trafficking in property confiscated by the communist Cuban Government would subject it to liability under the LIBERTAD Act. As of the date of filing this

Complaint, the United States Government has ceased suspending the right to bring an action under the LIBERTAD Act, which therefore permits Plaintiff to seek damages for the Defendant's conduct in exploiting Plaintiff's wrongly confiscated property.

## PARTIES

1. Plaintiff, Javier Garcia-Bengochea, is a U. S. Citizen and a resident of Jacksonville, Duval County, Florida.

2. Defendant, Carnival Corporation, 3655 N.W. 87th Avenue, Doral, Florida 33178, is a foreign corporation doing business as Carnival Cruise Lines and maintains its principal place of business in Doral, Miami-Dade County, Florida.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), because Plaintiff's claim arises under 22 U.S.C. § 6021, *et seq.*, and the amount in controversy exceeds the sum or value of $50,000, exclusive of interest, costs, and attorneys' fees.

4. Venue is proper in this judicial District under 28 U.S.C. § 1391(b)(1), because the Defendant resides in this judicial District, and under 28 U.S.C. §§ 1391(b)(2) and 1391(d), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial District.

## THE CUBAN LIBERTY AND DEMOCRATIC SOLIDARITY ACT

5.  The LIBERTAD Act became effective March 12, 1996. One of the LIBERTAD Act's purposes is to "protect United States nationals against confiscatory takings and the wrongful trafficking in property confiscated by the Castro Regime." 22 U.S.C. § 6022(6). Title III of the LIBERTAD Act ("Title III") establishes a private right of action for money damages against any person who "traffics" in such property as defined by 22 U.S.C. § 6023(13). *See* 22 U.S.C. § 6082.

## FACTUAL ALLEGATIONS

6.  Plaintiff, a U. S. national as defined by 22 U.S.C. § 6023(15), is the rightful owner of an 82.5% interest in certain commercial waterfront real property in the Port of Santiago de Cuba identified specifically by the Republic of Cuba ("Cuba") as La Maritima and Terminal Naviera (the "Subject Property").

### Cuba's Confiscation of the Subject Property

7.  The communist Cuban Government confiscated the Subject Property on October 13, 1960 by the adoption of Cuba's Gazette Law 890. The communist Cuban Government maintains possession of the Subject Property and has not paid any compensation to Plaintiff for its seizure.

8.  More specifically, the communist Cuban Government nationalized, expropriated, and seized ownership and control of the Subject Property. The Subject Property has not been returned and adequate and effective compensation has not been provided. Further, the claim to the Subject Property has not been settled pursuant to an international claims settlement agreement or other settlement procedure.

9. Plaintiff never abandoned his legitimate interest in the Subject Property.

### Certification of the Confiscated Subject Property

10. A portion of Plaintiff's ownership interest in the Subject Property, which represents Plaintiff's 32.5% interest in the Subject Property, has been certified by the Foreign Claims Settlement Commission under the International Claim Settlement Act of 1949. A copy of the certified claim is attached hereto as Exhibit A.

11. The remaining portion of Plaintiff's interest in the Subject Property is based upon an uncertified claim.

### Carnival's Trafficking in the Confiscated Subject Property

12. On information and belief, beginning on or about May 6, 2016 and continuing for at least a year thereafter, the Defendant knowingly and intentionally commenced, conducted, and promoted its commercial cruise line business to Cuba using the Subject Property by regularly embarking and disembarking its passengers on the Subject Property without the authorization of Plaintiff or any U.S. national who holds a claim to the Subject Property.

13. On information and belief, beginning on or about May 6, 2016 and continuing for at least a year thereafter, the Defendant also knowingly and intentionally participated in and profited from the communist Cuban Government's possession of the Subject Property without the authorization of Plaintiff or any U.S. national who holds a claim to the Subject Property.

14. The Defendant's knowing and intentional conduct with regard to the confiscated Subject Property is trafficking as defined in 22 U.S.C. § 6023(13)(A).

15. As a result of the Defendant's trafficking in the Subject Property, the Defendant is liable to Plaintiff for all money damages allowable under 22 U.S.C. § 6082(a).

16. Plaintiff timely provided the Defendant with written notice by certified mail of Plaintiff's intent to commence this action with respect to the Subject Property in accordance 22 U.S.C. § 6082(a)(3).

## Claim for Damages
## Title III of the LIBERTAD Act

17. Plaintiff incorporates by reference paragraphs 1 through 16 as if fully stated herein.

18. This claim is brought pursuant to Title III of the LIBERTAD Act, 22 U.S.C. § 6082.

19. As set forth in Title III and alleged above, beginning on or around May 6, 2016, the Defendant did traffic, as that term is defined in 22 U.S.C. § 6023(13)(A), in the Subject Property, which was confiscated by the communist Cuban Government on or after January 1, 1959 and is therefore liable to Plaintiff, who owns the claim to the Subject Property, for money damages.

20. Plaintiff is entitled to all money damages allowable under 22 U.S.C. § 6082(a), including, but not limited to, those equal to the sum of:

    a. The amount greater of: (i) the amount certified by the Foreign Claims Settlement Commission, plus interest; (ii) the amount determined by

a special master pursuant to 22 U.S.C. § 6083(a)(2); or (iii) the "fair market value" of the Subject Property, plus interest;

      b.    Three times the amount determined above (treble damages); and

      c.    Court costs and reasonable attorneys' fees.

21.    As of the date of filing this Complaint, the United States Government has ceased suspending the right to bring an action under Title III, 22 U.S.C. § 6085, which therefore permits Plaintiff to seek the relief requested herein.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

    A. Ordering the Defendant to pay damages (including treble damages);

    B. Ordering the Defendant to pay pre- and post-judgment interest on any amounts awarded;

    C. Order the Defendant to pay attorneys' fees, costs, and expenses; and

    D. Ordering such other relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable, and a trial pursuant to Rule 39(c), Federal Rules of Civil Procedure, as to all matters not triable as of right by a jury.

Dated: May 2, 2019

        Respectfully submitted,

        **COLSON HICKS EIDSON, P.A.**
        255 Alhambra Circle, Penthouse
        Coral Gables, Florida 33134
        Telephone: (305) 476-7400
        Facsimile: (305) 476-7444
        E-mail: eservice@colson.com

        By: s/ Roberto Martinez
        Roberto Martinez, Esquire
        Florida Bar No. 305596
        bob@colson.com
        Stephanie A. Casey, Esquire
        Florida Bar No. 97483
        scasey@colson.com
        Francisco R. Maderal, Esquire
        Florida Bar No. 0041481
        frank@colson.com
        Lazaro Fields, Esquire
        Florida Bar No. 1004725
        laz@colson.com

        - and -

        **MARGOL & MARGOL, P.A.**
        2029 3rd Street North
        Jacksonville Beach, Florida 32250
        Telephone: (904) 355-7508
        Facsimile: (904) 619-8741

        Rodney S. Margol, Esquire
        Florida Bar No. 225428
        Rodney@margolandmargol.com
        *Pro Hac Vice* Motion Forthcoming

        *Attorneys for Plaintiff Javier Garcia-Bengochea*