# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

## CASE NO. 1:19-cv-21725-JLK

JAVIER GARCIA-BENGOCHEA,

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINE,

    Defendant.

_____/

## ORDER GRANTING CARNIVAL CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS

THIS CAUSE is before the Court on Defendant Carnival Corporation's Motion for Judgment on the Pleadings, filed November 15, 2019 (DE 54) (the "Motion"). The Court has also considered Plaintiff's Response in Opposition, filed December 16, 2019 (DE 61), and Carnival's Reply, filed January 6, 2020 (DE 66).

## I. PROCEDURAL BACKGROUND

On May 2, 2019, Plaintiff, a U.S. citizen and resident of Jacksonville, Florida, filed this action against Carnival Corporation under Title III of the Helms-Burton Act (the "Act"), 22 U.S.C. § 6082(a)(1)(A). In the Complaint, Plaintiff alleges that he owns a claim to commercial waterfront real property in the Port of Santiago in Cuba; that this property was confiscated by the Cuban Government in October 1960; and that Carnival "trafficked" in the property, in violation of the Act, by using the docks for its commercial cruise line business. *See* Compl. ¶¶ 1, 6–12, DE 1. Plaintiff's interest in the property is based in part on a certified claim that was originally issued to, and owned by, non-party

Albert Parreño in September 1970. *Id.* ¶ 10, Ex. A. The remaining portion of Plaintiff's interest is based on an uncertified claim. *Id.* ¶ 11.

On November 14, 2019, Carnival filed its operative, Second Amended Answer and Affirmative Defenses. *See* Second Am. Ans., DE 52. In its Answer, Carnival alleges that this action is barred under § 6082(a)(4)(B) of the Act because Plaintiff is a United States national who acquired ownership of the claim after March 12, 1996. *See id.* at 8. Carnival attaches two exhibits to its pleading to show that Plaintiff inherited the claim (if at all[1]) under a will executed in January 2000 by his cousin Desiderio Parreño, a Costa Rican national (*see* DE 52-1 at 4), who had previously inherited the certified claim from Albert Parreño (*see* DE 52-2 at 3).

Carnival now moves for judgment on the pleadings under Rule 12(c), arguing that (1) the bequest from Desiderio to Plaintiff was ineffective under Costa Rican law; and (2) Plaintiff did not acquire the claim until January 2000 *at the earliest*, and thus after the March 1996 cutoff under the Act. *See* Mot., DE 54.

## II. UNDISPUTED FACTS

The following facts alleged in the parties' pleadings and the exhibits attached to the pleadings are pertinent to Carnival's Motion:

- On October 13, 1960, the Cuban Government confiscated the property (Compl. ¶ 7) and nationalized La Maritima, S.A., the Cuban company that owned and operated the property (*id.*, Ex. A at 4, DE 1-1);

- On July 5, 1966, Albert Parreño executed a will leaving to his brother, Desiderio Parreño, "all [] rights to and under property held by me [Albert

---

[1] As discussed below, Carnival also contends that Plaintiff did not validly inherit the claim in accordance with Costa Rican probate law. *See* Second Am. Ans. at 8; Mot. 16–18.

2

> Parreño] which has been confiscated by the Fidel Castro regime in Cuba, including, but not limited to, my shares in La Maritima S.A. . . . and my interest in real estate located in Cuba" (Ans., Ex. 2 at 3, DE 52-2)[2];

- On September 16, 1970, the Foreign Claims Settlement Commission issued a certified claim "find[ing] that claimant [Albert Parreño] owned 1,300 shares of stock [representing a 32.5% interest] in La Maritima, S.A., a Cuban corporation which owned and operated docks and warehouses in Santiago de Cuba" (Compl., Ex. A at 4–5);

- On March 12, 1996, Congress passed the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996, commonly referred to as the Helms-Burton Act, which provides that, "[i]n the case of property confiscated before March 12, 1996, a United States national may not bring an action under this section on a claim to the confiscated property *unless such national acquires ownership of the claim before March 12, 1996*," 22 U.S.C. § 6082(a)(4)(B) (emphasis added); and

- On January 25, 2000, Desiderio Parreño executed a will in Costa Rica, leaving to his cousin, Plaintiff Javier Garcia-Bengochea, "a United States citizen [and] resident of . . . Jacksonville, Florida, . . . whatever assets, property or rights in Cuba that were appropriated by the Communist government of Fidel Castro, but that are the property of the testator and that could someday be recovered, [which] include, . . . three thousand three hundred registered shares of 'La Maritima Sociedad Anónima,' concessions, dock, and warehouses in the port of Santiago de Cuba" (Ans., Ex. 1 at 4, DE 52-1).[3]

The foregoing facts are agreed and undisputed. *See* Pl.'s Resp. 3, DE 61 (reciting same factual timeline).

---

[2] Carnival notes that, according to publicly-available records, Albert Parreño died on June 20, 1972. *See* Mot. 11. Although this fact is not alleged in the pleadings, the pleadings establish the date of Albert Parreño's will and Plaintiff does not dispute that his alleged ownership interest traces back to Albert Parreño's July 5, 1966 will.

[3] Carnival also notes that, according to publicly-available records, Desiderio Parreño died on August 27, 2000. *See* Mot. 12 n.6. Again, while this fact is not alleged in the pleadings, the pleadings establish the date of Desiderio's will and Plaintiff does not dispute that he inherited his claim to the property under that January 25, 2000 will. Because January 25, 2000 is after March 12, 1996, the exact date of Desiderio's death is immaterial.

3

### III.  LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is appropriate when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts."  *Bankers Ins. Co. v. Fla. Residential Prop. and Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998).  "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied."  *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).  "In determining whether a party is entitled to judgment on the pleadings, [the court must] accept as true all material facts alleged in the non-moving party's pleading, and [] view those facts in the light most favorable to the non-moving party."  *Id.*

### IV.  DISCUSSION

**A.    Whether Plaintiff Validly Inherited the Claim from Desiderio Parreño**

The Court first considers Carnival's argument that Plaintiff did not validly inherit the claim under Costa Rican probate law and thus does not "own[] the claim" as required under Helms-Burton.  22 U.S.C. § 6082(a)(1)(A).[4]  In support, Carnival has submitted affidavits from Esteban Aguero, a Costa Rican lawyer and purported expert in Costa Rican law, and Keith Rosenn, a law professor and purported expert in Latin American law, which conclude that Plaintiff did not take any assets under Desiderio's will because

---

[4] Carnival contends that Costa Rican law governs the bequest to Plaintiff because Desiderio was a Costa Rican national and domiciliary at the time of his death.  *See* Mot. 14.

4

he never appeared in the probate proceeding and "affirmatively accept[ed] the inheritance." *See* Mot. 16–18.[5]  Carnival has also filed various records from the Costa Rican probate proceedings, which Carnival asks the Court to consider to determine whether Plaintiff received any property under his cousin's will.  *See id.* at 26.

In response, Plaintiff argues that submitting over 500 pages of evidence and multiple affidavits is procedurally improper on a motion for judgment on the pleadings. Pl.'s Resp. 4, DE 61.  Alternatively, Plaintiff has filed a competing affidavit from the attorney who prepared Desiderio's will and appeared in the probate action.  *Id.* at 6. Plaintiff argues that this affidavit "rebuts and disputes numerous conclusions" offered by Carnival and finds that Plaintiff inherited his legacy by operation of law at the time of Desiderio's death and "was not required to do anything further." *Id.* at 7–8.

Under the standards governing a motion for judgment on the pleadings, the Court finds Carnival's argument premature.  *See Perez*, 774 F.3d at 1335 (noting that motions for judgment on the pleadings are generally based on "a comparison of the averments in the competing pleadings").  Carnival claims that this outside evidence can be considered on a Rule 12(c) motion because the affidavits only raise issues of law and the Costa Rican probate records are subject to judicial notice and may be considered "central" to this action.  *See* Mot. 25–28.  But the Court is not persuaded by these arguments and finds this issue inappropriate for resolution on a motion for judgment on the pleadings. *See generally McMahon v. Presidential Airways, Inc.*, No. 6:05-cv-1002-Orl-28GJK,

---

[5] Carnival's proffered experts also conclude that any right Plaintiff might have had to Desiderio's assets is now "extinguished" under Costa Rica's ten-year statute of limitations.  *See* Mot. 17.

2008 WL 11430021, at *2 (M.D. Fla. Nov. 6, 2008) (noting that "a district court, at its discretion, may exclude the matters outside the pleadings and maintain the motion as a request for judgment on the pleadings" rather than convert the motion into a summary judgment motion). The Court also finds that the competing affidavits create a conflict regarding the reliability of the experts and the issues of Costa Rican law raised by Carnival.[6] *See IMS Internet Media Servs., Inc. v. Hwei Chyun Lau*, No. 17-Civ-21299, 2018 WL 2007044, at *4 (S.D. Fla. Jan. 12, 2018) (noting that, while courts may consider "any relevant material or source" in determining issues of foreign law under Rule 44.1, "courts must still determine whether submissions from parties are sufficiently reliable"); *Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 440 (3d Cir. 1999) (party raising issue of foreign law has "the burden of adequately proving foreign law to enable the court to apply it in a particular case"). Thus, Carnival's Motion must be denied on this issue.

**B.    Whether Plaintiff Acquired the Claim After the March 12, 1996 Cutoff Specified in § 6082(a)(4)(B)**

Carnival also argues that this action is barred because Plaintiff acquired his claim after the March 12, 1996 cutoff specified in the Act. Section 6082(a)(4)(B) provides:

> In the case of property confiscated before March 12, 1996, a United States national may not bring an action under this section on a claim to the confiscated property *unless such national acquires ownership of the claim before March 12, 1996*.

---

[6] For instance, Plaintiff claims that Professor Rosenn is not a probate lawyer or member of the Costa Rican Bar and argues that, unlike his expert, neither of Carnival's proffered experts had any involvement in drafting Desiderio's will or in the probate proceedings. *See* Pl.'s Resp. 6 n.5. For its part, Carnival suggests that Plaintiff's expert may be biased because he was "involved with, and had an interest in, Desiderio's probate proceedings." *See* Def.'s Reply 3 n.3.

6

§ 6082(a)(4)(B) (emphasis added).  Because it is undisputed that this case involves property that was confiscated before March 12, 1996, Carnival argues that Plaintiff must have inherited his claim from Desiderio Parreño before March 12, 1996, to be eligible to sue under § 6082(a)(4)(B).  *See* Mot. 22–25.  And because the exhibits attached to Carnival's pleading appear to show that Plaintiff inherited his claim under a will executed by Desiderio Parreño in January 2000 (and thus after March 12, 1996), Carnival contends that this action is barred as a matter of law under § 6082(a)(4)(B).

In response, Plaintiff does not dispute that he acquired his claim by inheritance after March 12, 1996, but argues, among other things, that "acquires" does not include "inheritances" as a matter of statutory interpretation.  *See* Pl.'s Resp. 9.  According to Plaintiff, the term "acquires" involves an "affirmative action to obtain the property," but "to inherit is to simply receive," which is a "passive concept."  *Id.*

After careful consideration, the Court finds that § 6082(a)(4)(B) bars this action.  As an initial matter, this is supported by the plain meaning of the term "acquire," which the Court finds to be broad enough to cover the inheritance at issue in this case.  *See Acquire*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "acquire" to mean "[t]o gain possession or control of; to get or obtain"); BLACK'S LAW DICTIONARY 24 (6th ed. 1990) (noting that the term "acquire" "[i]ncludes taking by devise"); *see also Gonzalez v. Amazon.com, Inc.*, No. 19-cv-23988, slip op. at 2 (S.D. Fla. May 11, 2020) (dismissing Helms-Burton claim where the plaintiff "*inherited* [the property] after November 2016") (emphasis added).  The *Gonzalez* decision, issued after briefing was completed on the Motion, was brought to the Court's attention on Carnival's Notice of Supplemental

7

Authority, filed May 12, 2020 (DE 104), and the Court has also considered Plaintiff's response to the Notice of Supplemental Authority (DE 106).[7]

Moreover, the legislative history clearly explains that Congress wanted "to eliminate any incentive that might otherwise exist to transfer claims to confiscated property to U.S. nationals in order to take advantage of the remedy created by this section." H.R. REP. NO. 104-468, at 52 (1996) (Conf. Rep.), 1996 WL 90487; *see RJR Nabisco, Inc. v. United States*, 955 F.2d 1457, 1462 (11th Cir. 1992) ("Indications of congressional intent contained in a conference committee report deserve great deference by courts . . . .") (internal quotation marks omitted). Here, Plaintiff does not dispute that Desiderio Parreño (a Costa Rican national) attempted to transfer his claim under his will to Plaintiff (a U.S. national) after Helms-Burton was enacted on March 12, 1996. As a non-U.S. national, Desiderio had no ability to bring suit under Helms-Burton himself, so transferring his claim to Plaintiff would enable Plaintiff to take advantage of the Helms-Burton remedy. But this appears to be the very thing Congress intended to eliminate by adding § 6082(a)(4)(B) to the Act. Thus, allowing Plaintiff to maintain this suit would frustrate Congress's stated purpose. As a result, the Court finds that this action is barred under § 6082(a)(4)(B), and that Carnival is entitled to judgment as a matter of law.

---

[7] As Carnival points out, this is also supported by the surrounding statutory context, because in the very next subsection (which applies to confiscations that occurred *on or after* March 12, 1996), Congress limited the cutoff to U.S. nationals who acquired their claim "by assignment for value." § 6082(a)(4)(C). And "'[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" *In re Vann*, 67 F.3d 277, 281 (11th Cir. 1995) (quoting *Rodriguez v. United States*, 480 U.S. 522, 525 (1987)).

## V.  CONCLUSION

Because the material facts are undisputed and judgment can be rendered based on the substance of the pleadings and the exhibits thereto, the Court finds that judgment in Carnival's favor is appropriate.  Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that Carnival Corporation's Motion for Judgment on the Pleadings **(DE 54)** be, and the same hereby is, **GRANTED**.  A final judgment will be entered in a separate document pursuant to Rule 58(a).

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building, Miami, Florida, this 9th day of July, 2020.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**cc:**   **All counsel of record**